IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.   ) | CASE NO: 05-cr-143-MEF |
| ) | |
| ELIZABETH SUMMERS  ) | |

### DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

**COMES NOW** the defendant, Elizabeth Summers, by undersigned counsel, and moves this Court pursuant to 18 U.S.C. § 3553, U.S.S.G. § 5K2.12, U.S.S.G. § 5K2.0 and U.S.S.G. § 5K2.13, for a downward departure.

### Facts

Ms. Summers is before the Court for sentencing for her role in driving her husband to a bank for the purpose of robbing it, after he burned her on the leg with a cigarette lighter when she tried to talk him out of committing the robbery. (Presentence Report, paragraph 7.)

Ms. Summers has a been a patient of numerous medical and mental health centers in central and southern Illinois. She has a lengthy history of mental health problems, including depression and bipolar disorder. (Presentence Report, paragraph 35.) Treatment records from Tinley Park Mental Health Center and Frances Nelson Health Center indicate that she was hospitalized for depression and suicidal ideas or plans in May 1996, November 1996, January 1997, from June to August 1997, October 2002, and April 2003. Her suicide attempts have included cutting her wrists and attempting to overdose with pills.

Her mental health diagnoses include Major Depression with psychotic features and suicidal ideation; borderline personality disorder, Bipolar disorder, and substance abuse. Her medications have included, at different times, Depakote, Effexor, Paxil, Serzone, Zoloft, Celexa and Prevacid.

Ms. Summers has a history of substance abuse. (Presentence Report, paragraph 36). She has been enrolled in several different treatment programs, from 1997 through 2003, including residential programs and centers which treat both mental health and substance abuse issues

Ms. Summers has a prior criminal record for forgery and theft, but has not committed a violent offense. (Presentence Report, paragraphs 23 - 25). In 1997, the Social Security Administration found Ms. Summers to be sufficiently disabled to receive Supplemental Security Income, with her mother assigned as her payee.

Ms. Summers' discharge summary at the Women's Treatment Center indicated that she has bipolar disorder, gastric reflux, and migraines. She was highly dependent on her family and still experiencing trauma from childhood sexual abuse by an older stepbrother.

**Law**

Section 5K2.12 of the United States Sentencing Guidelines permits a downward departure where the defendant "committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense." The latter clause "directs the sentencing court's attention to **the defendant's subjective evaluation** of the

circumstances in which the defendant was placed." *United States v. Johnson*, 956 F.2d 894, 898 (9th Cir. 1992) (emphasis added) (discussing evidence that defendant was a battered woman); see also *United States v. Hall*, 71 F.3d 569, 573 (6th Cir. 1995) (vacating and remanding for resentencing, where defendant offered evidence of threats of physical harm from defendant's husband); *United States v. Goodman*, 6 Fed.Appx. 129, 132, 134 (4th Cir. 2001) (upholding downward departure due to duress, where defendant bank employee was vulnerable to predatory coercion of robbery mastermind).

In this case, Ms. Summers received an injury and immediate threat of physical violence at the very moment the bank robbery was discussed. She reasonably felt herself to be forced to assist in the robbery attempt. Under these circumstances, it is appropriate to reduce her sentence pursuant to U.S.S.G. § 5K2.12.

A downward departure may also be warranted where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in the formulating of the guidelines. 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. In determining whether a departure is warranted under U.S.S.G. § 5K2.0, a sentencing court, "may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4. *See United States v. Koon*, 518 U.S. 81, 98 (1996).

Lastly, U.S.S.G. § 5K2.13 permits the Court to grant a downward departure where a defendant committed the offense while suffering from a significantly reduced mental

3

capacity and that reduced capacity contributed substantially to the commission of the offense. *See United States v. Follette,* 990 F. Supp. 1172 (D. Neb. 1998) (court granted the defendant's motion for a downward departure based on her diminished capacity, for her role in robbery committed by her boyfriend); *United States v. Davis*, 2004 U.S. Dist. LEXIS 17099 (N.D. Ill. Aug. 24, 2004) (court granted downward based on a combination of defendant's diagnosed cognitive defect, bipolar disorder, dependant personality disorder, and history of relationship with abusive boyfriend, for her role in conspiracy to possess a controlled substance with intent to distribute).

In this case, Ms. Summers' history of mental health disabilities made her particularly vulnerable to the abuse and coercion of her husband. For this reason as well, it is appropriate for the Court to grant a downward departure in this case.

WHEREFORE, Defendant prays that this Motion be granted.

Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Elizabeth Summers
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 17, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Andrew O. Schiff, Esquire, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

              **s/Christine A. Freeman**
              **CHRISTINE A. FREEMAN**
              **TN BAR NO.: 11892**
              Attorney for Elizabeth Summers
              Federal Defenders
              Middle District of Alabama
              201 Monroe Street , Suite 407
              Montgomery, AL 36104
              TEL:  (334) 834-2099
              FAX:  (334) 834-0353
              E-Mail: Christine_Freeman@fd.org